IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HEATHER MYERS,
    *Plaintiff*,

v.

TOWN OF ELKTON, et al.
    *Defendants*

Action No. 22-cv-803-ABA

## MEMORANDUM AND ORDER GRANTING MOTION TO STAY

Defendant Officer Anthony Devine has moved for a stay pending his interlocutory appeal of this Court's ruling denying his motion for summary judgment on qualified immunity grounds. In brief, the case involves Officer Devine's shooting and killing of Plaintiff's dog on Plaintiff's property. The Court granted in part and denied in part Defendants' motions for summary judgment because material "historical factual disputes" exist that are relevant to whether qualified immunity is available, including regarding whether the dog was acting aggressively when Officer Devine shot her, and the reasonableness of Officer Devine's actions. *Myers v. Town of Elkton*, --- F. Supp. 3d ---, No. 22-cv-803-ABA, 2024 WL 3856755, at *11-12 (D. Md. Aug. 16, 2024). Officer Devine has moved for a stay pending a decision on, or dismissal of, his interlocutory appeal. The Court will grant the motion.

## DISCUSSION

When a party moves to stay an action pending appeal, a court generally weighs four factors: "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

A.	**Likelihood of Success on the Merits**

The Court denied summary judgment on qualified immunity grounds based on historical factual disputes. There are genuine disputes of fact as to issues such as whether the dog posed a threat to Officer Devine, and the reasonableness of Officer Devine's actions. And those issues are material both to the merits of Plaintiff's constitutional claims (and possibly state law claims) as well as to the Officer Defendants' qualified immunity defense. *Myers*, --- F. Supp. 3d ---, 2024 WL 3856755, at *12. Nonetheless, Officer Devine has filed an interlocutory appeal.

Officer Devine has not shown a likelihood that the Court of Appeals will conclude not only that it has jurisdiction over the appeal but also that it will reverse the Court's denial of summary judgment. This is not a case like *Campbell v. Sims*, where the principal question at the summary judgment stage (and on interlocutory appeal) was a dispute over the district court's "legal determination on the contours of clearly established law." *See* No. 20-cv-2590-TDC, 2021 WL 4342039, at *2 (D. Md. Sept. 23, 2021). It is also unlike *Iko v. Shreve*, where the facts at issue were undisputed and even were depicted on a videotape. 535 F.3d 225, 231 (4th Cir. 2008). Instead the nature of this Court's denial of Officer Devine's motion for summary judgment on qualified immunity grounds was a "*fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of [material] fact for trial." *Johnson v. Jones*, 515 U.S. 304, 307 (1995) (emphasis in original).

Officer Devine principally contends in his motion that denial of summary judgment on his claim of qualified immunity was erroneous because a dog's demeanor cannot be relevant to the objective reasonableness of Officer Devine's conduct, and "[w]hen Officer Devine fired his weapon, he had no information regarding Bella's general temperament." ECF No. 84-1 at 8. As the Court explained, however, the disputes of fact on that issue are material because they bear on

whether a reasonable factfinder could find, for example, that the dog in fact posed an imminent threat to Officer Devine. *See Myers*, --- F. Supp. 3d ---, 2024 WL 3856755, at * 12. For these reasons, this factor weighs against a stay.

**B.       Harm to Officer Devine**

As to the harm to Officer Devine, he argues that moving forward with a trial while the interlocutory appeal is pending "would undermine the entire purpose of qualified immunity." ECF No. 84 at 9 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Officer Devine also argues that even though he has not appealed the Court's denial of summary judgment on his state law claims, reversal as to the federal seizure claim could have a significant impact on the remaining state law claims. Plaintiff argues, however, that even if Officer Devine succeeds on appeal, there will still be a trial on the remaining claims and, thus, there is no reason to stay the case. Although claims against Officer Devine will remain regardless of the appeal, qualified immunity "is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526. And if the Court of Appeals concludes it has jurisdiction over the appeal and reaches the merits, such ruling could have some bearing on the adjudication of some of the remaining claims. Accordingly, this factor weighs in favor of a stay.

**C.       Harm to Plaintiff and Others**

Plaintiff argues that she would "doubtlessly [be] harmed by the delay in proceeding to trial on these claims for a meritless appeal impacting only a small portion of the outstanding claims." ECF No. 85 at 19. "In considering whether a stay pending appeal will harm a plaintiff, courts can consider a variety of factors, including the duration of the case and the timing of the appeal." *Krell v. Queen Anne's Cnty.*, No. 18-cv-0637-JKB, 2020 WL 416975, at *2 (D. Md. Jan. 27, 2020) (citing *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982)). Although this

case has been pending since 2022, a briefing schedule has already been issued by the Court of Appeals and will be completed before year's end, *see* 4th Cir. docket 24-0803, ECF No. 6, and a trial in this Court likely would not occur until sometime in 2025 in any event. Indeed, Plaintiff has stated she would not be seeking a trial before the Court of Appeals "resolve[s] the outstanding appeal." ECF No. 85 at 5. Accordingly, any harm to Plaintiff due to delay is minimal. Moreover, discovery is completed and preserved for trial. Thus, this factor weighs in favor of a stay.

**D.     Public Interest**

In weighing the public interest in granting a stay, Officer Devine argues that "[t]he public has a substantial interest in having his immunity assertions resolved as efficiently, expeditiously, and fairly as possible." ECF No. 84 at 10-11. Plaintiff disagrees, asserting that "resolving [the appealed] issue will ultimately have little to no bearing on whether Defendant Devine is subjected to trial as a result of his misconduct," and that, instead, "[t]he public [has] a distinct interest in swiftly and expeditiously holding public officials and police officers liable for their misconduct." ECF No. 85 at 19-20.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court, however, has instructed that "there is a strong public interest in protecting officials from the costs of damages actions" that "is best served by a defense permitting insubstantial lawsuits to be quickly terminated." *Crawford-El v. Britton*, 523 U.S. 574, 590 (1998). Here, the Court concludes that this factor supports staying the

case, or at a minimum, is neutral, given that a modest delay in adjudication is unlikely to pose a weighty burden on Plaintiff.

## CONCLUSION

Weighing the relevant factors, the Court concludes that a stay is appropriate while Officer Devine's interlocutory appeal is pending, in particular because this Court would be unlikely to be in a position to schedule a trial before the Court of Appeals would resolve or dismiss the appeal in any event. The motion to stay (ECF No. 84) is GRANTED and the case is STAYED pending the outcome of the interlocutory appeal.

November 5, 2024                                       /s/
                                              Adam B. Abelson
                                              United States District Judge