**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1879**

---

HEATHER MYERS, Individually and as Personal Representative of the Estate of James Myers,

Plaintiff - Appellee,

v.

OFFICER ANTHONY MICHAEL DEVINE, Individually and in his Official Capacity as a Town of Elkton Police Officer,

Defendant - Appellant,

and

TOWN OF ELKTON, MARYLAND; DETECTIVE THOMAS FRANK SAULSBURY, Individually and in his Official Capacity as a Town of Elkton Police Detective; DETECTIVE DENNIS J. LASASSA, Individually and in his Official Capacity as a Town of Elkton Police Detective,

Defendants.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Adam B. Abelson, Magistrate Judge. (1:22-cv-00803-ABA)

---

Submitted: April 14, 2026 Decided: June 29, 2026

---

Before WILKINSON, HEYTENS, and BENJAMIN, Circuit Judges.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:** Raymond R. Mulera, Hanover, Maryland, for Appellant. Cary J. Hansel, Ashton Zylstra, HANSEL LAW, PC, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heather Myers—individually and in her capacity as the personal representative of the estate of James Myers—filed a ten-count civil action against the Town of Elkton, Maryland, Town of Elkton police officer Anthony Devine, and two other Defendants, alleging in count I a Fourth Amendment seizure claim pursuant to 42 U.S.C. § 1983 and related claims arising out of and connected to Devine's fatal shooting of the Myers' pet dog Bella. Devine sought summary judgment based on qualified immunity. The magistrate judge denied Devine qualified immunity on count I, concluding that genuine issues of material fact existed with respect to the circumstances surrounding Devine's and Bella's encounter.[*]

In this interlocutory appeal, Devine seeks to challenge the magistrate judge's denial to him of qualified immunity on count I. Myers argues, among other matters, that we lack jurisdiction to consider Devine's appellate arguments. We dismiss the appeal in part for lack of jurisdiction and affirm in part.

"Qualified immunity 'shields [government] officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Adams v. Ferguson*, 884 F.3d 219, 226 (4th Cir. 2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (internal quotation marks omitted)). This standard "gives government officials breathing room to make

[*] The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c).

reasonable but mistaken judgments about open legal questions," thereby "protect[ing] all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (internal quotation marks omitted). Government officials "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time" of the violation. *D.C. v. Wesby*, 583 U.S. 48, 62-63 (2018) (internal quotation marks omitted).

"Because qualified immunity is an immunity from suit rather than a mere defense to liability[,] it is effectively lost if a case is erroneously permitted to go to trial." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation modified). Thus, although a district court's order denying summary judgment generally is not immediately appealable, an order denying summary judgment based on qualified immunity is subject to immediate appellate review under the collateral order doctrine. *Williams v. Strickland*, 917 F.3d 763, 767-68 (4th Cir. 2019). In this posture, this court has jurisdiction under the collateral order doctrine to review the magistrate judge's denial of qualified immunity at the summary judgment stage "to the extent that the [judge]'s decision turned on an issue of law." *Rambert v. City of Greenville*, 107 F.4th 388, 396 (4th Cir. 2024) (internal quotation marks omitted). "In a collateral order appeal, [this court] can decide purely legal questions relating to qualified immunity," but it "cannot reweigh the record evidence to determine whether material factual disputes preclude summary disposition." *Cooper v. Doyle*, 163 F.4th 64, 77 (4th Cir. 2025) (citation modified).

In exercising collateral order jurisdiction, "our first task on appeal is to separate the [magistrate judge]'s legal conclusions regarding entitlement to qualified immunity, over which we have jurisdiction, from [the judge's] determinations regarding factual disputes, over which we do not." *Rambert*, 107 F.4th at 396 (internal quotation marks omitted). "[W]e must also examine the parties' appellate arguments to ensure that we only consider those legal questions formally raised on appeal." *Id.* (internal quotation marks omitted); *see Johnson v. Jones*, 515 U.S. 304, 314 (1995) (recognizing jurisdictional defect in interlocutory appeal from denial of qualified immunity where court cannot not "find any . . . separate [legal] question—one that is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits" (internal quotation marks omitted)).

On appeal, Devine purports to challenge the magistrate judge's legal conclusions with respect to the first prong of the qualified immunity analysis. However, our careful review of Devine's briefs reveals that his arguments asserting that his use of lethal force was objectively reasonable because he reasonably believed Bella and another dog posed an imminent threat of serious injury and lacked information regarding Bella's temperament when he fired his weapon hinge on a view of the factual record contrary to that reached by the magistrate judge in evaluating his summary judgment motion. *Cf. Cox v. Quinn*, 828 F.3d 227, 232 (4th Cir. 2016) (noting that "we consider only the facts as the district court viewed them as well as any additional undisputed facts" (internal quotation marks omitted)); *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc) (recognizing that we may properly exercise jurisdiction "over a claim that there was no violation of clearly

established law accepting the facts as the district court viewed them"). Because we cannot accept Devine's view of the facts given the case's current procedural posture, we conclude that we lack jurisdiction to consider these arguments. *See Johnson*, 515 U.S. at 314. We therefore dismiss the appeal in part.

Devine's remaining appellate arguments challenging the magistrate judge's summary judgment ruling present, we conclude, "purely legal questions relating to qualified immunity" that are appropriate for appellate review. *Cooper*, 163 F.4th at 77 (internal quotation marks omitted). Having reviewed that ruling de novo, *see Caraway v. City of Pineville*, 111 F.4th 369, 378 (4th Cir. 2024), we conclude that no reversible error has been established. We therefore affirm the magistrate judge's order in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*